UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE GEORGE HARRIS,

    Petitioner,

v.                                                  Case No.  3:20-cv-5890-MCR-MJF

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Willie George Harris has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 10). Harris opposes the motion. (Doc. 12). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Harris's petition should be dismissed as untimely.[1]

### I. Background and Procedural History

In Escambia County Circuit Court Case No. 2014-CF-2715, Harris was convicted of one count of Lewd or Lascivious Molestation of a Child 12 Years of

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Age or Older but Less than 16 Years of Age (Count 1) and one count of Attempted Lewd or Lascivious Battery of a Child Over 12 but Under 16 Years of Age (Count 2). (Doc. 10, Ex. A at 34-35 (Jury Verdict); Ex. A at 64-72 (J. and Sentence)).[2] Harris's victim was a 13-year old boy. (Ex. B (Trial Tr.)). Harris was sentenced as a Habitual Felony Offender to a total term of 40 years of imprisonment.[3] On August 8, 2017, the Florida First District Court of Appeal ("First DCA") affirmed without opinion. *Harris v. State*, 232 So. 3d 328 (Fla. 1st DCA 2017) (per curiam) (Table) (copy at Ex. G).

On July 10, 2018, Harris filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (Ex. H (Mot.); Ex. J (Am. Mot.)). After a limited evidentiary hearing, the state circuit court denied relief. (Ex. N (Order)). The signed, written order was filed with the clerk of the circuit court on March 3, 2020. (*Id.*).

On May 21, 2020, Harris filed a *pro se* notice of appeal seeking to appeal the March 3, 2020, order denying postconviction relief. (Ex. O). The First DCA

---

[2] Hereafter, all citations to exhibits are to the exhibits attached to the State's motion to dismiss. (Doc. 10). When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

[3] Harris was sentenced to 30 years of imprisonment on Count 1, and a consecutive term of 10 years of imprisonment on Count 2. (Doc. 10, Ex. A at 64-72).

determined that the notice of appeal was untimely and dismissed the appeal on July 9, 2020, for lack of jurisdiction, explaining:

> Having considered Appellant's response to the Court's order to show cause docketed on June 15, 2020, the Court has determined it lacks jurisdiction in this case. This appeal is hereby dismissed. *See Jordan v. State*, 549 So. 2d 805, 806 (Fla. 1st DCA 1989) (dismissing untimely appeal for lack of jurisdiction because access to a law library in prison is not "necessary to prepare and transmit a simple notice of appeal" and lack of that access did not demonstrate "a right to [a] belated appeal").

(Ex. Q).

Harris filed his federal habeas petition on October 14, 2020. (Doc. 1 at 1). The State moves to dismiss the petition as time barred. (Doc. 10). In response, Harris argues that he is entitled to equitable tolling. (Doc. 12).

## II. Discussion

### A. Harris's Petition Is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Harris's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Harris does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Harris's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1)(A), Harris's judgment became final on November 6, 2017—ninety days after the First DCA's August 8, 2017, judgment—when Harris's time for filing a *certiorari* petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that petitioner's limitations period began to run 90 days after the Florida appellate court affirmed his conviction and sentence).

The federal habeas limitations period began to run one day later, on November 7, 2017, and expired one year later, on November 7, 2018, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Harris allowed 245 days of the limitations period to run before filing his Rule 3.850 motion on July 10, 2018. As a result of the filing of his Rule 3.850 motion, the limitations period was statutorily tolled until April 2, 2020, the date the 30-day period to appeal the circuit court's final order expired.[4] *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-1384 (11th Cir. 2006) (holding that Florida prisoner's postconviction motion remained "pending" under § 2244(d)(2), until the appeal period expired).

The period in which to file a federal habeas petition commenced again on April 3, 2020, and expired 120 days later on July 31, 2020. Harris did not file his § 2254 petition until October 14, 2020. Harris's petition is untimely by more than two months.[5]

---

[4] The order denying Harris's Rule 3.850 motion was filed with the Clerk of the Escambia County Circuit Court on March 3, 2020. Under Florida law, a party must file a notice of appeal "within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.110(b); Fla. R. Crim. P. 3.850(g). "An order is rendered when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h).

[5] Harris's belated notice of appeal of the order denying postconviction relief did not statutorily toll the limitations period, because it was dismissed by the First DCA as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (holding that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2), and that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *see also e.g., Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) (holding that for a petitioner who did not appeal the denial of his Rule 3.850

B.   **Harris Is Not Entitled to Equitable Tolling**

Harris asserts several reasons why his petition should not be dismissed. He alleges that: (1) he lacks a legal education, (2) he is "on mental medication," (3) he was transferred to a prison medical center on March 11, 2020, and the medical center was placed "on lockdown" from March 12, 2020, until May 3-5, 2020, due to the COVID-19 pandemic; (4) he did not know that a notice of appeal "is just a few lines stating a few words" and, had he known, he would have filed a notice of appeal in his Rule 3.850 proceeding within the required time; and (5) he did not learn until recently that there was a 1-year limitations period for filing a federal habeas petition. (Doc. 12 at 2-3). The court construes Harris's argument as a request for equitable tolling.

1.   *Equitable Tolling Standard*

A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

motion within Florida's 30-day appeal period, the federal limitations period began running again when the appeal period expired).

Harris fares no better even if his notice of appeal is considered a state-court application for a belated postconviction appeal. "[A] petition for belated appeal is not an application for collateral review within the meaning of section 2244(d)." *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (11th Cir. 2015) (holding that the federal limitations period was not statutorily tolled during the pendency of petitioner's state-court petition for belated postconviction appeal).

circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Regarding the first prong of the equitable tolling standard, the Eleventh Circuit has held that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at 1268 (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *id.* at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id*. at 1267.

Regarding the diligence prong, the Supreme Court has clarified that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations and quotation marks omitted).

### 2. *Lack of Extraordinary Circumstances for Equitable Tolling*

Harris's ignorance of the law—Florida's requirements for a notice of appeal and the AEDPA's imposition of a 1-year limitations period for habeas petitions—does not justify equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.") (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction)); *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007) ("[P]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.").

Harris's allegation that he takes medication for a mental health condition also fails to justify the application of the equitable tolling doctrine, as Harris fails to show that this circumstance prevented him from timely filing his petition. *See, e.g., Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (petitioner's bare contention that he suffered from mental impairments his entire life was insufficient to justify equitable tolling absent a showing of a causal connection between such impairments and his ability to file a timely federal habeas petition); *see also, e.g., Lewis v. Warden, Phillips State Prison*, 641 F. App'x 878, 880-81 (11th Cir. 2016)

(petitioner's alleged mental impairments did not warrant equitable tolling absent a showing as to how they prevented him from filing a federal habeas petition on time); *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 F. App'x 749, 751 (7th Cir. 2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition).

The "lockdown" at Harris's prison does not justify equitable tolling, because Harris admits that the "lockdown" was lifted by May 5, 2020. At that time, Harris had 87 days remaining on the federal habeas limitations period. Harris does not show a causal connection between the lockdown and his ability to file his § 2254 petition by July 31, 2020.

### 3.   *Harris Fails to Establish that He Exercised Diligence*

Harris also fails to carry the burden of proving the diligence required for this court to grant equitable tolling. Harris alleges no facts suggesting that he ever attempted to file his § 2254 petition within the 1-year limitations period, much less that he *diligently* pursued relief. Even after the First DCA dismissed Harris's belated notice of postconviction appeal on July 9, 2020, Harris had 22 days remaining on

his federal habeas clock. Harris alleges no effort—much less a diligent effort—to file his § 2254 petition on time.

Harris's allegations fail to satisfy the equitable-tolling standard. Harris's untimely petition should be dismissed.

### III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S.___, 137 S. Ct. 759, 774 (2017) (quoting

*Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Willie George Harris*, Escambia County Circuit Court Case No. 2014-CF-2715, be **DISMISSED WITH PREJUDICE** as time barred.

3. The District Court **DENY** a certificate of appealability.

4. The clerk of court close this case file.

At Pensacola, Florida, this 23rd day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**